**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
BALTIMORE DIVISION**

| | |
|---|---|
| Ashleigh Jones, | : |
|                Plaintiff, | : Civil Action No.: _____ |
| v. | : |
| Glenn Associates Mid-Atlantic, Inc.; and DOES 1-10, inclusive, | : **COMPLAINT** |
|                Defendants. | : |

For this Complaint, Plaintiff, Ashleigh Jones, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Ashleigh Jones ("Plaintiff"), is an adult individual residing in Laurel, Maryland, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Glenn Associates Mid-Atlantic, Inc. ("GAMA"), is a Maryland business entity with an address of 14505 Greenview Drive, Suite 107, P.O. Box 159, Laurel, Maryland, 20725, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by GAMA and whose identities are currently unknown to Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. GAMA at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to GAMA for collection, or GAMA was employed by the Creditor to collect the Debt.

11. Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. GAMA Engages in Harassment and Abusive Tactics

12. In or around December 2015, a GAMA collector left a voicemail message for Plaintiff.

13. In the voicemail message, the collector did not disclose that the call was from a debt collector in an attempt to collect the Debt, but instead stated that Plaintiff needed to return the call because there was "a very serious problem."

14. Plaintiff returned GAMA's call on or about December 10, 2015. During this call, the collector with whom Plaintiff spoke told Plaintiff that the Creditor wanted all of their money, and if it wasn't paid the collector "would have to pursue."

15. When Plaintiff explained that she could only afford to make payments, the collector responded "alright, I have to move forward." Plaintiff asked what that meant, to which the collector responded that GAMA would "send it out" and that Plaintiff "would be notified at that time."

16. Plaintiff believed that these statements meant that GAMA would file suit against her because, prior to this conversation, GAMA threatened to sue Plaintiff and garnish her wages if the Debt was not paid. However, to date no lawsuit has been filed against Plaintiff regarding the Debt.

17. When Plaintiff called back to speak with a GAMA supervisor, the supervisor with whom she spoke said that there was nothing to talk about unless Plaintiff made a payment, and that he was restraining himself from hanging up on her.

18. In addition, on prior occasions a GAMA collector was rude with Plaintiff and told her that she shouldn't have had kids out of wedlock if she was unable to pay for their daycare.

C. **Plaintiff Suffered Actual Damages**

19. Plaintiff has suffered and continues to suffer actual damages as a result of Defendants' unlawful conduct.

20. As a direct consequence of Defendants' acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, fear, frustration and embarrassment.

**COUNT I**
**VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692,** *et seq.*

21. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse Plaintiff in

connection with collection of the Debt.

23.     Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used abusive language when speaking with Plaintiff.

24.     Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants used false, deceptive and/misleading representations or means in connection with collection of the Debt.

25.     Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened Plaintiff with garnishment if the Debt was not paid.

26.     Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened Plaintiff with legal action that it did not intend to take.

27.     Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed false and deceptive means to collect the Debt.

28.     Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect the Debt.

29.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA.

30.     Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
## VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT
## MD. CODE COMM. LAW § 14-201, et seq.

31.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.     Defendants are each individually a "collector" as defined under MD. Code Comm. Law § 14-201(b).

33.     The debt is a "consumer transaction" as defined under MD. Code Comm. Law § 14-201(c).

34. Defendants used abusive language when communicating with Plaintiff, in violation of MD. Code Comm. Law § 14-202(7).

35. Plaintiff is entitled to damages proximately caused by Defendants' violations.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

4. Actual damages pursuant to MD. Code Comm. Law § 14-203; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 30, 2016

Respectfully submitted,

By   /s/ Sergei Lemberg
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
ATTORNEYS FOR PLAINTIFF